**GALVESTON, H. & S. A. RY. CO. v. POTTER FLORAL & CONFECTIONERY CO.**
**(No. 1197—5200.)**

Commission of Appeals of Texas.   Section A.
April 24, 1929.

Baker, Botts, Parker & Garwood, of Houston, and Kemp & Nagle, of El Paso, for plaintiff in error.

Jones, Hardie & Grambling, Walter H. Scott, and D. E. Mulcahy, all of El Paso, for defendant in error.

HARVEY, P. J.   In this suit, the defendant in error, the Potter Floral & Confectionery Company, recovered judgment in the trial court against the Galveston, Harrisburg & San Antonio Railway Company for $2,500 damages on account of the destruction by overflow of the flower plants being grown by the Potter Company on a certain tract of land in El Paso county, belonging to the latter company.   The case was tried to a jury, which rendered verdict on special issues.

On or about July 27, 1926, a heavy rain fell in the section of the county where the Potter Company land lies. The jury found that the railway company maintained its roadbed adjacent to the Potter Company land, without such culverts and sluices as were necessary to permit the surface water to flow in accordance with the natural lay of the land, as it did before the railroad was constructed; that the failure of the railway company to maintain such culverts and sluices caused more water to flow on the Potter Company land than otherwise would; that as a proximate result of such additional water flowing on and being collected on the Potter Company land, that company suffered damage in the amount of $2,500.

The land of the Potter Company is a tract which is approximately 50 feet wide, east and west, by 1,050 feet long. It lies in a basin or area of low land, which is surrounded by higher land. The boundaries of this low area are very irregular, but its shape and surface contour may be roughly likened to the bowl of a spoon, with the point of the bowl pointing westward. The comparison is sufficient to give a general idea of the situation. This area is about 2,400 yards long, east and west, by about 700 yards wide at the widest place. The railroad runs east and west through the central portion of this low area; the railroad embankment reaching the height of about 4 feet where it passes the Potter Company land, which lies on the south side of the railroad, about 800 or 900 yards from the east end of the low area. On either side of the embankment runs a borrow pit. The floor of the basin or low area is unbroken by natural channels, and the nautral slope of the surface generally is toward the southeast and south. The water that fell on the higher lands to the north, on the occasion in question, flowed into this low area, covering the floor of the basin. The water reached an approximate depth of 2 feet on the north end of the Potter tract, and a few inches on the south end; the tract being 1⁹⁄₁₀ feet higher on the south end than on the north end. The flower plants which were destroyed were growing about midway between the north and south ends. The north end of the tract abuts on the railroad right of way, and the south end on the county highway. This highway traverses the southern rim of the basin. It is on an embankment, which is higher than the floor of the basin, and which has no openings for water to pass through. The lands in the low area, on both sides of the Potter tract, were covered with water, as well as those on the north side of the railroad. There are two 30-foot culverts under the railroad in its course through this low area; one near the east end of the basin and the other about 300 yards west of the Potter land.

The statement of facts is voluminous, and no good purpose can be subserved in attempting to set out the evidence in this opinion. We have, however, carefully read and considered all the testimony; and we are forced to the conclusion that, even if it could be said that the railroad company failed to maintain the necessary culverts and sluices as required by law, the evidence conclusively shows that such failure did not proximately cause any part of the loss which was sustained by the Potter Company.

We recommend that the judgment rendered against the plaintiff in error by the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that judgment denying a recovery by the defendant in error be here rendered.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.