GALVESTON, HARRISBURG & SAN ANTONIO RY. CO., Appellant, v. Mrs. Lena W. HAWKINS. (No. 2230.)

Court of Civil Appeals of Texas. El Paso. June 10, 1929.

Rehearing Denied June 27, 1929.

Baker, Botts, Parker & Garwood, of Houston, and Kemp & Nagle and E. R. Smith, all of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

HIGGINS, J. This case is companion to Galveston, H. & S. A. R. Co. v. Potter Floral & Confectionery Co. (Tex. Civ. App.) 5 S.W. (2d) 839, and Galveston, H. & S. A. R. Co. v. Todd (Tex. Civ. App.) 8 S.W.(2d) 1104. In the cited cases judgments in favor of the plaintiff were by this court affirmed. Writs of error were granted by the Supreme Court, and in each case the judgment of affirmance was reversed, and judgment rendered for the plaintiff in error in accordance with opinion of the Commission of Appeals in Railroad Co. v. Potter Co., 16 S.W.(2d) 1114, and Railroad Co. v. Todd, 16 S.W.(2d) 1115.

The damage to the plaintiff's premises was occasioned by overflow, following the heavy rain referred to in the Potter and Todd Cases. This plaintiff's land lies west of the Potter and Todd tracts, but in the same basin or low area, which the Commission of Appeals

in its opinion likened to the bowl of a spoon. In the Potter Case the opinion concludes [16 S.W.(2d) 1115]:

"The statement of facts is voluminous, and no good purpose can be subserved in attempting to set out the evidence in this opinion. We have, however, carefully read and considered all the testimony; and we are forced to the conclusion that, even if it could be said that the railroad company failed to maintain the necessary culverts and sluices as required by law, the evidence conclusively shows that such failure did not proximately cause any part of the loss which was sustained by the Potter Company."

We have examined the maps and testimony given in the present case, and can see no material difference in the present facts and in the cited cases, and see no reason why the conclusion reached by the Commission in the Potter and Todd Cases should not apply with equal force in the present case.

In accordance with the ruling there made, this case is reversed, and judgment here rendered for appellant.

Reversed and rendered.